UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| ARMESTED FRANKLIN, et al | CIVIL ACTION NO. 07-1011 |
| VERSUS | U.S. DISTRICT JUDGE DEE D. DRELL |
| CITY OF ALEXANDRIA | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION

Before the court is plaintiffs' motion to remand, **Doc. #5**, referred to me by the district judge for report and recommendation. This suit is filed by plaintiffs against the Defendant, the City of Alexandria, (City) in which plaintiffs claim damages and injunctive relief for themselves and for a putative class of other Alexandria, Louisiana "ratepayers" for what plaintiffs allege were improper charges to plaintiffs for electricity since 1997. Specifically, plaintiffs allege that the "over charges (sic) are a result of the City's incorrect calculation of the monthly fuel adjustment costs for electricity and the incorrect application of the monthly fuel adjustment rates." Further the plaintiffs allege that the City has paid overcharges for the electricity it sold plaintiffs and that the costs "were not prudently incurred." The plaintiffs also claim that "[t]he City has the burden of proving that the costs passed through its fuel adjustment mechanism were prudently incurred, produced just and reasonable rates, were necessary to the provision of electric service, and through the fuel adjustment clause (sic)."

Plaintiffs claim the City violated Louisiana's antitrust laws and seek damages and an injunction. Finally, plaintiffs assert that their claims are based exclusively on state law and "plaintiffs do not invoke or rely upon any such preempted Louisiana law [i.e. federal law], and no relief is sought on the basis thereof."

The City timely removed the case to this court on the basis of federal question jurisdiction under 16 U.S.C. §825p, 28 U.S.C. §1331, and 28 U.S.C. §1367.

Plaintiffs filed the instant motion for remand asserting that they are claiming no relief under federal law and that federal jurisdiction cannot properly be based on a defense to the suit, in this case the statutes cited above.

### Federal Question Jurisdiction

#### The well-pleaded complaint

Plaintiffs' claim, set forth in their original petition in state court, claims damages and seeks injunctive relief based on state law and City ordinances. Plaintiffs did not expressly invoke the provisions of federal law, and, in fact, specifically stated that they did not rely on federal law.

Federal law provides that the party who brings suit is master of what law is invoked. See The Fair v. Kohler Die & Specialty Co., 33 S. Ct. 410 (1913). The well-pleaded complaint doctrine provides that federal question jurisdiction exists only when "there appears on the face of the complaint some substantial disputed question of federal law." See Carpenter v. Wichita Falls Independent School District, 44 F.3d 362 (5th Cir. 1995). Whether federal question

2

jurisdiction exists in a removed case is based on the allegations of plaintiff's "well-pleaded complaint." <u>Caterpillar, Inc. v. Williams</u>, 107 S. Ct. 2425 (1987). This rule requires that the federal question be evident from the complaint and not arise from any defense the defendant might raise to defeat the cause of action. Therefore, "even though a federal claim is available to a plaintiff, if a plaintiff chooses not to assert that federal claim, then the defendant cannot remove the claim to federal court on the basis of a possible asserted claim." See <u>Carpenter</u>, supra.

Jurisdiction of a federal court extends only to those cases in which a well-pleaded complaint establishes either that a federal law created the cause of action, or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. <u>Christianson v. Colt Indus.</u>, 108 S.Ct. 2166 (1988).

There are, however, exceptions to the well-pleaded complaint rule. One exception is the artful pleading doctrine which applies where a plaintiff purposefully obfuscates the federal question and artfully pleads what should be a federal claim in state law terms solely to defeat removal. Another exception to the well-pleaded complaint rule applies where there exists complete preemption by federal law. <u>Caterpillar</u>, 107 S.Ct. at 2430. A complaint creates federal question jurisdiction when it states a claim created by the Constitution or laws of the United States or where it states a cause of action created by state law and a substantial federal question is an essential element necessary to decide the case.

3

Howery v. Allstate Ins. Co., 243 F.3d 912 (5th Cir. 2001).

The claims in this case are similar to those made by the City in another case pending in this court, City of Alexandria v. CLECO, et al, docket number 05-1121. The claims in both suits challenge the rates and tariffs set by federal law under the Federal Power Act[1] (FPA) and enforced by the Federal Energy Regulatory Commission (FERC). Although plaintiffs couch their claims in terms of a violation of Alexandria's ordinances governing energy cost adjustment, the claims necessarily implicate the federal tariffs which set the rates and provide for the fuel cost adjustments referred to in the ordinances. The ordinances provide that the electricity rates will be adjusted based on the cost of power to the City.[2] Those costs are set by tariff under federal law.

The Federal Power Act provides, in 16 U.S.C. §825p in pertinent part:

> The District Courts of the United States, and the United States courts of any Territory or other place subject to the jurisdiction of the United States shall have exclusive jurisdiction of violations of this chapter or the rules, regulations, and orders thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by, or to enjoin any violation of this chapter or any rule, regulation, or order thereunder . . . .

A tariff filed with a federal agency is the equivalent of a federal regulation. See Cahnmann v. Sprint Corp., 133 F.3d 484, 488 (7th Cir. 1998). Thus the term regulation in the above quoted

---

[1] 16 U.S.C. §791a.

[2] See City of Alexandria Code of Ordinances, Sec 26-84(g) and 26-85(I)

statute includes FERC-approved tariffs filed by public utilities such as the CLECO entities.

Here the claims made "necessarily depend on resolution of substantial questions of federal law" and federal question jurisdiction exists on the face of the complaint. <u>Christianson</u>, <u>Howery</u>, both supra.

In addition, plaintiffs' well-pleaded complaint states causes of action which are completely preempted by the exclusive jurisdiction provided by the Federal Power Act. See <u>Hoskins v. Bekins Van Lines</u>, 343 F.3d 769 (5th Cir. 2003); <u>Beneficial National Bank v. Anderson</u>, 123 S.Ct. 2058 (2003).

The case was properly removed to this court.

<u>The All Writs Act</u>

Defendant also argues that the All Writs Act serves to provide a basis for jurisdiction in this case.

The All Writs Act, 28 U.S.C. 1651, provides that "[t]he supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." "The power conferred by the Act extends, under appropriate circumstances, to persons who, though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice." <u>Mississippi Valley Barge Line Co. v. United States</u>, 273 F. Supp. 1,6 (E.D.Mo. 1967), aff'd. 88 S.Ct. 692. While plaintiffs

correctly point out that the All Writs Act does not confer jurisdiction, the Act could be invoked in the <u>City of Alexandria v. CLECO</u> suit where jurisdiction clearly exists. The CLECO suit involves the same issues as the instant suit.

> As able counsel for the City persuasively point out:
>
> Maintaining jurisdiction over the instant matter provides the **only** assurance that this Court's jurisdiction and rulings will not by impaired and that the integrity of its orders will be protected in the CLECO suit. Furthermore, allowing the instant action to proceed independently in state court will undermine the purpose of this Court's past and future orders by allowing for inconsistency in the scope of discovery, exercise of privilege and compliance by the parties with this Court's directives. It would result in excessive expense and waste judicial resources for the City to engage in discovery, argue at different hearings and try separate cases in different forums with different rules, orders, decisions and directives-all the while addressing the same issues.

Nevertheless, where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling. <u>Carlisle v. United States</u>, 116 S.Ct. 1460 (1996). Because the FPA provides a resolution of the issues presented here, it is unnecessary to invoke the All Writs Act to protect this court's jurisdiction and orders in the CLECO suit.

### Supplemental jurisdiction

Because this court has exclusive federal question jurisdiction over the claims of plaintiffs, it is unnecessary to consider the City's alternative arguments regarding supplemental jurisdiction.

IT IS RECOMMENDED THAT the motion to remand be DENIED.

IT IS FURTHER RECOMMENDED that this case be consolidated with City of Alexandria v. CLECO, et al.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 17th day of September, 2007.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE