RECEIVED
AUG 12 2010
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| **ARMESTED FRANKLIN et al.** | **CIVIL ACTION NO. 1:07-cv-01011** |
| -vs- | **JUDGE DRELL** |
| **CITY OF ALEXANDRIA** | **MAGISTRATE JUDGE KIRK** |

## RULING

Pending before the Court is a Motion for Local Rule 23.1 Order Prohibiting Communication with Potential Class Members (Doc. 69) filed by the Defendant, the City of Alexandria ("City"). In summary, the motion seeks an order from this Court prohibiting counsel for the Plaintiffs from engaging in inappropriate contacts with potential members of the uncertified class in this case. Stated otherwise, the motion seeks an order restricting, not prohibiting, Plaintiffs' counsel's contact with potential class members. During a hearing held on August 10, 2010, the Court entertained arguments from counsel for both parties, and took testimonial and documentary evidence concerning the merits of this motion. This evidence has supplemented the affidavits and other exhibits filed on the record by the parties in conjunction with the Defendant's motion.

The genesis of this motion was a meeting held on May 10, 2010, at New Scott Olly Baptist Church in Alexandria, Louisiana. The meeting had been advertised in the local newspaper as an informational public meeting, which would be attended by the attorneys representing the Plaintiffs in this case. According to the article, the

Plaintiffs' attorneys would discuss the status of this litigation, as well as the details of a settlement reached in a related, though separate, lawsuit ("Cleco litigation"). Two of the Plaintiffs' attorneys, Mr. Larry English and Mr. Sam Jenkins, attended the meeting, addressed the attendees, and answered questions. Three City officials were also in attendance: Alexandria's City attorney, its Director of Utilities, and a member of its police department.

In its motion, the Defendant maintains that the Plaintiffs' attorneys committed various acts of professional misconduct, including: (1) falsely advertising the meeting as an informational gathering when the meeting was, in truth, a premeditated endeavor to solicit additional clients; (2) misstating and/or mischaracterizing facts regarding the settlement of the Cleco litigation; (3) misstating and/or mischaracerizing the status of the Plaintiffs as a certified class; (4) without request or prompting from any attendee, distributing a document titled "Fact Sheet and Employment Contract" to all attendees at the meeting, including the City officials present at the meeting; and (5) otherwise soliciting the attendees to become plaintiffs in the lawsuit, and thus, to retain the services of the Plaintiffs' attorneys. The Defendants maintain that these alleged instances of misconduct breached various provisions of the Louisiana Rule of Professional Conduct, possibly misled the attendees as to the details of both this litigation and the settlement of the Cleco litigation, and impugned the purposes of Fed. R. Civ. P. 23 governing class action lawsuits. Therefore, the Defendants (at least at this point) seek a limited order precluding these types of inappropriate contacts with potential class members.

Local Rule 23.1 provides an avenue by which the Court may issue such an order under certain circumstances. Specifically, Local Rule 23.1(D) provides that:

1. Whenever a party or counsel desires to prohibit another party or counsel from communicating concerning such action with any potential or actual class member not a formal party to the action, he or she shall apply in writing to the court for such an order. In such application, the parties must set forth with particularity the abuses they fear will result from such communication, along with the form of remedy they believe would be appropriate to prevent frustration of the policies of Rule 23.

2. The court will not enter an order prohibiting communication with members of the class in the absence of a clear record (and when necessary, an evidentiary hearing) reflecting:

    a. specific findings regarding the abuse the court seeks to prevent;

    b. the need for such an order, weighing the abuse sought to be corrected and the effect it will have on the right of a party to proceed pursuant to Rule 23 without interference.

3. Any attorney who communicates with the class shall preserve and retain in his or her files, until the final conclusion of the action, a copy of all communications which he or she has sent to any member of the class or potential class.

As is clear from its text, Local Rule 23.1(D) requires the movant to articulate any alleged or potential abuses, as well a suggested remedy to them. Moreover, the rule also requires that this Court have a clear record, and preferably conduct an evidentiary hearing, before issuing any such order.[1] As noted above, this Court has

---

[1] The text of Local Rule 23.1(D) closely parallels the United States Supreme Court's guidance regarding the power of courts to restrict communications between attorneys and potential class members:

> Because of the potential for abuse, a district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties. But this discretion is not unlimited, and indeed is bounded by the relevant provisions of the Federal Rules.

now satisfied these requirements.

After reviewing the parties' filings in this case, and after considering the evidence adduced at the hearing, the Court finds that the Defendant's motion should be GRANTED IN PART as it pertains to the following specific issue. In conjunction with its motion, the Defendant submitted a copy of the "Fact Sheet and Employment Contract" (Doc. 69-2, Exh. 2) which was distributed to at least some of the attendees at the meeting.[2] This document contains various questions regarding the reader's identifying information, and certain facts about the reader that ostensibly may be relevant to this lawsuit. Additionally, the document contains a one-paragraph contingency fee agreement, and signature blocks for the reader and the three Plaintiffs' attorneys.

Accordingly, while it is not necessary to determine whether the "Fact Sheet and Employment Contract" (Doc. 69-2, Exh. 2) is an invalid contingency fee contract, the document may fairly be characterized as problematical. Moreover, the Defendant has put forth sufficient evidence to establish that the nature and manner of distribution of the document portends a number of potential abuses, including, but

---

. . . .

> [A]n order limiting communications between parties and potential class members should be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties. . . . In addition, such a weighing-identifying the potential abuses being addressed-should result in a carefully drawn order that limits speech as little as possible, consistent with the rights of the parties under the circumstances.

Gulf Oil Co. v. Bernard, 452 U.S. 89, 99-102 (1981).

[2] The parties hotly dispute whether this document was distributed to all attendees without any prompting from a particular attendee.

not limited to: (1) the risk of confusing the reader, such that the reader may unknowingly enter into an attorney-client relationship with the Plaintiffs' attorneys, or otherwise compromise his or her rights as a potential plaintiff in this litigation; and (2) the risk of improper, in-person, and direct solicitation of potential clients who have not personally requested information about how to retain the services of the Plaintiffs' attorneys.

Therefore, the Court prohibits the distribution of the "Fact Sheet and Employment Contract" at any future public meetings held regarding the substance of this (or any related) litigation. The Plaintiffs' attorneys will, however, be allowed to disseminate accurate information regarding the lawsuit in the form of fact sheets which do not contain any contract for legal services. Additionally, counsel are prohibited from "signing up" any clients at such meetings. Persons interested thereafter in retaining Plaintiffs' attorneys must initiate, of their own accord, further contact with those attorneys by phone, electronic mail, facsimile, ordinary mail, or other communication. Plaintiffs' attorneys must advise all non-client attendees at any meeting called, organized, or arranged to provide information concerning this litigation, of the requirements of this order.

In so ordering, we note that the Plaintiffs' attorney's right to obtain clients is circumscribed by the Louisiana Rules of Professional Conduct, the principles underlying Fed. R. Civ. P. 23, and other applicable precedent. Given the potential abuses described above, and the measured restrictions to be placed upon the Plaintiffs' attorneys hereby, we conclude that this order fairly balances the risk of

potential abuses and the Plaintiffs' attorneys' rights to communicate with potential clients.

As to the balance of the issues in the Defendant's motion, the Court is in the unusual, and unenviable, position of having attorneys presenting personal attestations which are diametrically opposed as to the happenings of the May 10, 2010 meeting. Moreover, because the meeting was not recorded in any way, we are forced to rely almost entirely upon these conflicting accounts. The evidence pertaining to the remainder of the Defendants' allegations stands in a state of irreconcilable gridlock, even after the hearing. Still, considering the testimony and affidavits, and for the further prevention of any future abuses, the Court is constrained to order that, in the future, the Plaintiffs' attorneys must comply in all respects with the Louisiana Rules of Professional Conduct, Fed. R. Civ. P. 23, and any applicable precedent. While this litigation promises to be contentious, the prosecuting attorneys are nonetheless obligated to conduct themselves in a manner befitting their profession, and in conformity with the rules governing that profession.

SIGNED on this 11 day of August, 2010 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE