UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| ARMESTED FRANKLIN, et al | CIVIL ACTION NO. 07-1011 |
| VERSUS | U.S. DISTRICT JUDGE DEE D. DRELL |
| CITY OF ALEXANDRIA | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION

Before the court is defendant's motion to dismiss, **Doc. #127**, referred to me by the district judge for report and recommendation. This suit is filed by plaintiffs against the defendant, the City of Alexandria,(City) in which plaintiffs claim damages and injunctive relief for themselves and for a putative class of other Alexandria, Louisiana "ratepayers" for what plaintiffs allege were improper charges to plaintiffs for electricity since 1997. Specifically, plaintiffs allege that the "over charges (sic) are a result of the City's incorrect calculation of the monthly fuel adjustment costs for electricity and the incorrect application of the monthly fuel adjustment rates." Further the plaintiffs allege that the City has paid overcharges for the electricity it sold plaintiffs and that the costs "were not prudently incurred." The plaintiffs also claim that "[t]he City has the burden of proving that the costs passed through its fuel adjustment mechanism were prudently incurred, produced just and reasonable rates, were necessary to the provision of electric service, and through the

fuel adjustment clause (sic)."

Plaintiffs claim the City violated Louisiana's antitrust laws and seek damages and an injunction.

The City timely removed the case to this court on the basis of federal question jurisdiction under 16 U.S.C. §825p, 28 U.S.C. §1331, and 28 U.S.C. §1367. The antitrust claims were dismissed in June, 2009, doc. #50.

Defendants filed the instant motion to dismiss asserting that plaintiffs' complaint fails to state a claim and that the City is entitled to qualified immunity because the acts complained of were discretionary acts.

## Law and Analysis

In considering a motion to dismiss, the court must assume the truth of factual allegations of the complaint and liberally construe them in favor of the plaintiff.  A motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges plaintiff's right to relief based upon those facts.  Crowe v. Henry, 43 F.3d 198, 203 (5th Cir. 1995). While a complaint sought to be dismissed under FRCP 12(b)(6) does not need detailed factual allegations, a plaintiff must provide more than conclusions or speculation. A formulaic recitation of the elements of a cause of action will not suffice. In other words, plaintiff must make a showing rather than a blanket assertion of entitlement to relief. Bell Atlantic Corp. v. Twombly, 127 S.Ct.1955 (2007). This court has long held that a Rule 12(b)(6)

motion may be granted as to portions of a complaint. Drewett v. Aetna Cas. & Sur. Co., 405 F.Supp. 877 (W.D. La. 1975). In accord, *see* Decker v. Massey-Ferguson, Ltd., 681 F.2d 111 (2nd Cir. 1982); Elliott v. State Farm Mut. Auto Ins. Co., 786 F.Supp. 487 (E.D.Pa. 1992). A well pleaded complaint may proceed even if it appears that actual proof of the facts set forth is improbable. Once a claim has been stated adequately, it may be supported by proof of any set of facts consistent with the allegations in the complaint. Bell, supra.

Plaintiffs do not challenge the assertions in the City's motion but, instead, seek to amend their complaint by filing a Third Supplemental and Amending Complaint. Therefore, because plaintiffs do not disagree with the City's arguments, and for the reasons set forth in the City's memorandum in support of its motion to dismiss, the motion to dismiss should be found to have merit. However, instead of dismissing plaintiffs' claims, they should be afforded one final opportunity to set forth their claims with more particularity. Therefore, plaintiffs' motion to amend, doc. #134, should be granted. The arguments which have been presented with regard to the Third Amendment should not be considered at this time but should be reserved for consideration after the opportunity of defendant to file a motion to dismiss as to the Third Amendment and full briefing by the parties on the issues presented.

For the foregoing reasons, IT IS RECOMMENDED that the original and first supplemental and amending complaints be found to

have failed to state a claim upon which relief can be granted, and that the motion to dismiss, doc. #127, be DENIED and that the motion to amend, doc. #134 be GRANTED.

IT IS FURTHER RECOMMENDED that the issue whether the third amending complaint states a claim upon which relief can be granted await the filing of an appropriate motion and the opportunity of the parties to fully brief the issues.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection tot he magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 16th day of February, 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE