RECEIVED
IN ALEXANDRIA, LA.

AUG - 7 2012

TONY R. MOORE, CLERK
BY_____
       DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| ARMESTED FRANKLIN, et al. | CIVIL ACTION NO. 07-1011 |
| -vs- | JUDGE DRELL |
| CITY OF ALEXANDRIA | MAGISTRATE JUDGE KIRK |

## JUDGMENT

The Court has considered the "Report and Recommendation" of the Magistrate Judge (Doc. 164), and has conducted an independent (de novo) review of the record including the objections and responses filed by Plaintiffs and Defendant. For the sake of brevity, the Court accepts as accurate and adopts the procedural history and summary of Plaintiffs' claims set forth in the Report and Recommendation; however, we decline to follow the recommendation because we find federal subject matter jurisdiction lacking <u>based on Plaintiff's current complaint</u>.

After a case is removed to federal court, if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded. 28 U.S.C. § 1447(c)(emphasis added). We first addressed subject matter jurisdiction in this case at the outset when we denied Plaintiffs' Motion to Remand (Doc. 5) by Judgment signed on October 15, 2007 (Doc. 16) adopting the Magistrate Judge's Report and Recommendation (Doc. 13). In this Judgment, we concurred with the Magistrate Judge's finding that the claims in both the current suit and the

underlying suit, <u>City of Alexandria v. CLECO,</u> (Docket No. 05-1121) "both challenge the rates and tariffs set by federal law under the Federal Power Act (FPA) and enforced by the Federal Energy Regulatory Commission (FERC)." (Doc. 13 at p. 4). We agreed with the Report and Recommendation that, at that point, Plaintiffs' claims "necessarily implicate the federal tariffs which set the rates and provide for the fuel cost adjustments in the ordinances." (Doc. 13 at p. 4). We found federal subject matter jurisdiction to be present based on the artful pleading doctrine and a determination that a substantial federal question was an essential element necessary to decide Plaintiffs' claims.[1] It was further determined the FPA created exclusive federal jurisdiction for Plaintiffs' claims.[2]

Since the October 15, 2007 Judgment, Plaintiffs have filed two amending complaints which have refined their claims to be based exclusively on state law and leave this Court lacking subject matter jurisdiction to adjudicate the claims. We explain:

We concur with the Magistrate Judge's characterization of the current state of Plaintiffs' claims in the Report and Recommendation (Doc. 164):

> In their third amended complaint, plaintiffs allege that the City violated its position of public trust in that it:

---

[1] "'To bring a case within the [federal-question removal] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action.'" <u>Howery v. Allstate Ins. Co.</u>, 243 F.3d 912, 917 (5th Cir. 2001) (quoting <u>Gully v. First Nat'l Bank</u>, 299 U.S. 109, 112 (1936)) (brackets in original).

[2] 16 U.S.C. § 825p ("The District Courts of the United States, and the United States courts of any Territory or other place subject to the jurisdiction of the United States shall have exclusive jurisdiction of violations of this chapter or the rules, regulations, and orders thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by, or to enjoin any violation of, this chapter or any rule, regulation, or order thereunder.").

    (1)    failed to fulfill its contractual and fiduciary obligations to plaintiffs, as third party beneficiaries of a contract between the City and CLECO, to verify the fuel charges assessed by CLECO, which were passed on to plaintiffs/ratepayers, and allege the contract between CLECO and the City contained a stipulation *pour autrui* [sic] in favor of the ratepayers;

    (2)    failed to calculate the energy cost adjustment in compliance with the City Code, resulting in rate overcharges for which plaintiffs are owed reimbursement;

    (3)    violated general tort duties of reasonable care and negligence by failing to consummate a favorable power supply agreement with CLECO; and

    (4)    entered into an unfavorable compromise agreement with CLECO in the CLECO litigation in that it has failed to compensate plaintiffs for their actual monetary losses as a result of the alleged overcharges.

Plaintiffs make clear in their briefs that the Magistrate Judge has accurately characterized their current claims when they state:

> Plaintiffs seek damages for the improper actions of the City, which are actionable under Louisiana law. Among other things, the City's actions support causes of action for: (A) breaches of contractual and fiduciary duties, including recovery as third party beneficiaries of a contract between the City and its power provider; (B) breaches of legal duties, including utility rate overcharges; (C) unjust enrichment; and (D) violation of general tort duties of reasonable care and negligence, under Louisiana Civil Code Article 2315 et seq. [sic]

(Plaintiffs' Objection to Magistrate's Report and Recommendation, Doc. 170 at pp. 2–3).

An important development in this case is that the underlying suit between the City and CLECO settled, and the City's actions regarding that settlement comprise the essence of Plaintiffs' claims. The first, third, and fourth claims fall squarely within

3

the confines of Louisiana state law. As to the first, the nature of the obligation owed to Plaintiffs by the City–whether contractual or fiduciary–is determined by examining state jurisprudence and statutes and is in no way impacted by FERC tariffs; an assertion that Plaintiffs were third party beneficiaries to the contract between the City and CLECO is also addressed by exclusive reliance on state law. The third and fourth claims are straightforward state law negligence claims and unrelated to federal law. Specifically, Plaintiffs now only take issue with the manner in which the City conducted business with CLECO and the effect such business had on Plaintiffs as ratepayers.

The second claim is the only one which implicates the FERC tariffs but it does so only peripherally in that such rates may have affected the rates charged to the City by CLECO. However, the fact that the increased FERC tariffs required the City to charge Plaintiffs high rates for energy is not the basis of Plaintiffs' second claim. Rather, Plaintiffs allege the City improperly *calculated* the rates resulting in a violation of a stated City ordinance. FERC does not regulate the propriety of the City's interpretation of its own ordinance with relation to setting rates. Rather, Plaintiffs allege the City was merely *incorrect* in its rate calculation which we determine to be an assertion of purely state law negligence. Unlike in the underlying suit between the City and CLECO, Plaintiffs in this case do not now allege the City itself failed to observe FERC tariff requirements and regulations which involve wholesale electricity rates. (Docket No. 05-1121, Doc. 1). It is the calculation of rates *on top of* the tariffs which forms the basis for Plaintiffs' claim here. A finding of negligence by Defendant

4

based on Plaintiffs' allegations does not require application or reference to federal law in this instance either.[3]

Thus given the presentation of this case to date, and in particular the pleading amendments which provided previously absent clarity, we find resolution of this case no longer involves FERC regulations at all, except peripherally in that they may have affected the rates charged to the City by CLECO. This peripheral connection does not rise to the "essential element" standard required to form the basis for federal subject matter jurisdiction. Howery, 243 F.3d at 917. As originally plead, FERC regulations appeared as an essential ingredient in the resolution of Plaintiffs' claims; at this juncture, we see clearly that FERC regulations and the FPA are totally unnecessary to resolve these claims as recently amended.

Finding no basis for federal subject matter jurisdiction, we REMAND Plaintiffs' case to the 9th Judicial District Court for Rapides Parish.

---

[3] Although not binding on this Court, we find persuasive jurisprudence on the issue from the Southern District of California concerning the application of the FPA to state law claims. See Hendricks v. Dynergy Power Marketing, Inc., 160 F. Supp. 2d 1155, 1163 (S.D. Cal. 2001) ("The Court concludes that Plaintiffs can establish a violation of the Cartwright Act [California state anti-trust law] without reference to the "just and reasonable" standard of the Federal Power Act."). The Hendricks court also determined the FPA "does not completely preempt Plaintiffs' claims since there is no private right of action under the Federal Power Act to seek 'a just and reasonable' rate." Id. at 1160 (quoting Montana-Dakota Utils., Co. v. Northwestern Pub. Serv. Co., 341 U.S. 246, 257 (1951). See also In re California Retail Natural Gas and Elec. Antitrust Litigation, 170 F. Supp. 2d 1052, 1060 (D. Nevada 2001) ("Although there is unquestionably a strong federal interest in energy production, marketing and distribution, this Court rejects Defendants' arguments that federal law predominates to the degree that exercise of this Court's limited jurisdiction is warranted.").

All pending motions are DENIED as MOOT.

SIGNED on this 7th day of August, 2012 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE